UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
NURY CHAVEZ,

                 Plaintiff,                          **ORDER**
                                                      CV 12-2371 (LDW)(ARL)

             -against-

SUBURBAN BUS TRANSPORTATION, et al.,

                Defendants.
--------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       Before the court is defendants' motion for reconsideration of this court's November 19, 2013 Order.  Plaintiff opposes the application.  Defendants' motion is granted.

       Familiarity with the procedural history of this action as set forth in this court's November 19, 2013 Order is presumed.  Having found that no answer had been filed nor had a motion to dismiss been served by the defendants in this case, the undersigned granted plaintiff's motion to amend her complaint as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B).  In their motion for reconsideration, defendants point out that because they served and filed a letter requesting a pre-motion conference before the district court on August 1, 2012, pursuant to the district court's individual rules, service of the letter constituted timely service of a motion to dismiss under Rule 12(b), and therefore plaintiff's time to amend her complaint as a matter of course expired on August 22, 2012.  The defendants are correct.  It appears that the defendants did not take action with respect to their motion because they were operating under the belief that Magistrate Judge Boyle's Order staying discovery was a stay of the proceeding in its entirety.  In fact, defendants notified the district court by letter dated April 19, 2013 that the criminal action had concluded and that they were prepared to move forward with a briefing schedule on the motion to dismiss as set forth in the August 1, 2013 letter.  Accordingly, the undersigned will apply the district court's individual rules and will consider plaintiff's motion to amend pursuant to Fed. R. Civ. P. 15(a)(2).

       Federal Rules of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2). "Only 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party...[or] futility of the amendment' will serve to prevent an amendment prior to trial." *Metropolitan Steel Indus., Inc. v. Graphics for Steel Structures, Inc.*, No. CV 09-2291 (SJF)(ARL), 2010 WL 5583038, at *2 (E.D.N.Y. Dec. 7, 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227, 230 (1962)).  An amendment is considered futile if the proposed claim would not survive a motion to dismiss made pursuant to Fed. R. Civ. P. 12(b)(6). *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339-40 (2d Cir. 2000).

After this case was reassigned to the undersigned, plaintiff sought and the court granted plaintiff's application to extend the time to file a motion to amend the complaint. The court acknowledged that although Magistrate Judge Boyle had previously denied plaintiff's request for leave to file the motion, he had nonetheless given plaintiff a second opportunity to renew the motion to amend consistent with his order. *See Order*, dated May 21, 2013 (Lindsay, M.J.). Plaintiff timely filed the within motion.

The court finds that plaintiff's motion fails to comply with Magistrate Judge Boyle's Order dated May 13, 2013, which directed that any renewed motion to amend set forth the proposed specific amendments as well as factual and legal support for such amendments. *See Order*, dated May 13, 2013 (Boyle, M.J.). In addition, plaintiff's motion fails to comply with Rule 7.1 of the Local Rules of the Southern and Eastern Districts of New York which requires that a motion include, *inter alia*, "[a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined." Local Rule 7.1(a)(2). In this case, plaintiff fails to include a memorandum of law in support of her motion, and instead submits her own "Affidavit", and an "Affirmation in Support" from her counsel. *See Farber v. County of Suffolk,* No. 09-3255 (JS)(ETB), 2009 WL 4730204, at *3 (E.D.N.Y. Dec. 1, 2009) (denying plaintiff's motion to amend without prejudice because plaintiff failed to include, *inter alia*, a memorandum of law in support of their motion); *see also Charter Oak Fire Ins. Co. v. Tri-County Fire & Safety Equipment Co.*, 636 F. Supp. 2d 193, 198 (E.D.N.Y. 2009) (finding that submitting an affirmation rather than a memorandum of law will not satisfy the requirements of Local Rule 7.1). Finally, plaintiff submits a reply that exceeds the number of pages permitted under this court's individual rules. *See* Individual Rules, 2 (C)(2). For the reasons stated, Plaintiff's motion to amend is denied without prejudice. Plaintiff is advised that any further applications to this court must be made in compliance with the Federal and Local Rules of Civil Procedure and this Court's Individual Motion Practices. The Clerk of the Court is directed to delete the entry of the Amended Complaint in the Docket Report for this case.

Dated: Central Islip, New York
      December 3, 2013

**SO ORDERED:**


_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge