UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
NURY CHAVEZ,

                Plaintiff,
                                      **ORDER**
                                      CV 12-2371 (LDW)(ARL)

       -against-

SUBURBAN BUS TRANSPORTATION, et al.,

                Defendants.
----------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

       Before the court is defendants' letter motion dated April 17, 2014 requesting an order (1) compelling plaintiff to provide copies of records of treatment by her psychiatrist, her counselor and of her visit to an emergency room at a hospital; and (2) compelling plaintiff or her attorney to reimburse defendants for the costs they incurred for plaintiff's April 15, 2014 deposition, which plaintiff refused to attend. Plaintiff opposes the motion. In response to defendants' motion to compel the documents, plaintiff's attorney represents that they intend to fully comply with the discovery requests, and by letter dated April 23, 2014 further represent that they have done "everything within [their] power to obtain the necessary medical records requested by defense counsel for plaintiff's deposition," including paying for the medical records by credit card and having them mailed overnight via Federal Express. Thus, that portion of defendants' motion to compel these documents is denied as moot.

       With respect to defendants' application for costs, defendants request reimbursement for the costs incurred from a videographer, translator and court reporting service engaged for the April 15, 2014 deposition. However, prior to the date of the deposition, defense counsel was on notice that plaintiff's counsel had concerns with the scheduled deposition and had sought the court's assistance. By letter dated April 14, 2014, plaintiff's counsel requested the assistance of the court with respect to certain difficulties with defense counsel concerning the deposition, and informed the court that their office had reserved a room at the courthouse for plaintiff's deposition on April 15, 2014. In response, by letter dated April 15, 2014, defendants also sought the undersigned's intervention and requested a telephone conference or an order directing plaintiff to appear for her deposition at defense counsel's office. The undersigned held a telephone conference with counsel for the parties on April 15, 2014 and ruled that the plaintiff's deposition shall be conducted on April 28, 2014 at the office of defense counsel, and directed that any exchanges between counsel shall be on the record. Inasmuch as defense counsel was aware of a conflict with respect to the location of the deposition prior to April 15, 2015 and had together with plaintiff's counsel sought judicial assistance to resolve the matter, defendants' application for costs is denied.

Dated: Central Islip, New York
       April 28, 2014

                                  **SO ORDERED:**

                                  _____/s_____
                                  ARLENE R. LINDSAY
                                  United States Magistrate Judge